UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ALEJANDRO ARGUETA-GUEVARA,

Petitioner,

v.

TAE D. JOHNSON, et al.,

Respondent.

No. 1:26-cv-02161-DAD-CSK

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 2)

This matter is before the court on federal immigration detainee petitioner Lenin Javier Moran Chinchilla's motion for temporary restraining order, filed on his behalf by Evelin Argueta who is purporting to act under "next friend" status in a *pro se* capacity. (Doc. No. 2.)

"[N]ext friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (internal quotation marks omitted). "Most important for present purposes, next friend standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. . . . First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and

1

it has been further suggested that a next friend must have some significant relationship with the real party in interest." *Id.* at 163 (internal quotation marks and citations omitted).

Nonetheless, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Accordingly, judges of this court have concluded that, though the federal habeas corpus statute permits someone acting in "next friend" status to file a habeas action on behalf of another, the "next friend" cannot proceed *pro se* in that action. *See Tarasov v. Facility Dir., Mesa Verde ICE Processing Facility*, No. 1:26-cv-00450-JLT-EPG (HC), 2026 WL 181554, at *1–2 (E.D. Cal. Jan. 23, 2026) (finding that the petitioner's purported "next friend" could not proceed *pro se*); *Soza v. Warden of Cal. City Det. Facility*, No. 1:26-cv-00737-KES-SAB (HC), 2026 WL 237716, at *1–2 (E.D. Cal. Jan. 29, 2026) (same). Therefore, the court must deny petitioner's motion for temporary restraining order because it has been improperly filed.

For the reasons above, petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice to its refiling. Petitioner may, of course, request the appointment of counsel in this habeas action.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE