UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ALEJANDRO ARGUETA-GUEVARA (A-240-066-849),

Petitioner,

v.

TAE D. JOHNSON, et al.,

Respondents.

No.  1:26-cv-2161 DAD CSK

ORDER

On March 19, 2026, the instant habeas corpus petition was filed on petitioner William Alejandro Argueta-Guevara's behalf by Evelin Argueta, who is purporting to act under "next friend" status in a pro se capacity.  (ECF No. 1.)

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) (citing United States v. ex. rel. Toth v. Quarles, 350 U.S. 11, 13 n. 3 (1995)).  However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163.  In order to establish standing, the "next friend" must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests

1

of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." United States v. Caputo, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023); see Hinojosa v. Warden, SATF/SP, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."), report and recommendation adopted, 2023 WL 4711303 (E.D. Cal. July 24, 2023). Additionally, the Local Rules of Practice for the United States District Court for the Eastern District of California provide in pertinent part,

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing on propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a).

"Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." Complot v. JP Morgan Chase Bank, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)); see also Tarasov v. Facility Dir. Mesa Verde ICE Processing Facility, 2026 WL 181554, at *1 (E.D. Cal. Jan. 23, 2026) (finding that petitioner's purported "next friend" could not proceed pro se); Soza v. Warden of Cal. City Det. Facility, 2026 WL 237716, at *1-2 (E.D. Cal. Jan. 29, 2026)

(same).

Assuming that Evelin Argueta qualifies for next-friend status, which would permit her to initiate the instant action on behalf of petitioner William Alejandro Argueta-Guevara, next-friend status does not allow her to prosecute this action pro se on petitioner's behalf.  Therefore, either: (1) Evelin Argueta must secure licensed counsel to proceed, or (2) petitioner William Alejandro Argueta-Guevara must notify the Court in writing that he will appear on his own behalf to prosecute this habeas action.  Otherwise, the petition will be dismissed without prejudice.

Petitioner may also file a motion to request the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, **either**:

   (a) Petitioner William Alejandro Argueta-Guevara (A-240-066-849) should notify the Court in writing that: (i) Evelin Argueta filed the instant petition for writ of habeas corpus with petitioner's knowledge and permission, (ii) petitioner declares under penalty of perjury that the contents of the petition are true and correct, and (iii) going forward, petitioner will appear on his own behalf to prosecute this habeas action; **OR**

   (b) Evelin Argueta should secure licensed counsel to proceed and said counsel shall file a notice of appearance in this matter.

2. The Clerk of the Court is directed to:

   (a) serve petitioner a copy of the petition (ECF No. 1) along with a copy of this order.

   (b) serve a copy of this order on Evelin Argueta, 112 Boxgrove Way, Frederick, Maryland, 21702.

3. Failure to comply with this order will result in a recommendation of dismissal for failure to comply with a court order.

Dated:  March 24, 2026

Guev2161.screen.imm/2

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3